IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STEVEN MAGEE                                                      PLAINTIFF

v.                              No. 4:25-cv-265-DPM

NEW BALANCE ATHLETICS, INC.                               DEFENDANT

ORDER

1.  The Court appreciates Magee's response the AI issues. His acceptance of responsibility is complete; his lack of bad intentions apparent; and his commitment to greater care sincere. The Court therefore discharges the show cause Order without further sanction.

2.  Due to a calendaring error by counsel, New Balance missed its deadline to answer in the wake of the Court's ruling on the company's motion to dismiss. Fed. R. Civ. P. 12(a)(4)(A). Eight days after the deadline, New Balance moved for an extension. Magee opposes this. He seeks entry of default instead. New Balance has now filed its answer, which Magee moves to strike.

All material things considered, and applying the *Pioneer* factors, the Court accepts the late answer. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993). There's no real prejudice to Magee. New Balance appeared and filed a comprehensive motion to dismiss, making plain its defenses on the

merits and intention to defend. Thereafter, the parties held a Rule 26(f) conference, conferred in good faith, and reported to the Court. In the life of a federal case, eight days is a *de minimis* delay. New Balance filed a detailed answer after the holidays, as promised. The law prefers decisions on the merits. *Johnson v. Dayton Electric Manufacturing Co.*, 140 F.3d 781, 784 (8th Cir. 1998). The Court's only hesitation is that New Balance didn't move to *reopen and* extend its time to answer. The incomplete request doesn't alter the material circumstances. Magee spotted the default issue and has responded vigorously and fully. Motion, *Doc. 33*, granted as modified. Time to answer reopened. Answer, *Doc. 39*, deemed timely. Motions for Clerk's default and to strike, *Doc. 36, 37, & 40*, denied.

3. The Court appreciates the parties' joint Rule 26(f) report and the cooperation reflected in it. As planned, please file notice by 20 January 2026 if both sides agree to a referral for an early settlement conference. If so, the Court will refer the matter to one of our senior U.S. Magistrate Judges to hold that conference. The Court also requests clarification. It appears the parties agree to have the randomly assigned Magistrate Judge (the Honorable Joe J. Volpe) preside over this case, including any needed trial and eventual entry of Judgment. If so, the parties need to return the consent forms as soon as practical so the Court can make this referral. The Court directs the Clerk to send the forms with a copy of this Order. The Court will withhold entry of a

Final Scheduling Order until that issue is sorted. If the case goes to Magistrate Judge Volpe, he will decide on the schedule and issue a Final Scheduling Order.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

9 January 2026