IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STEVEN MAGEE PLAINTIFF

v. No. 4:25-cv-265-DPM

NEW BALANCE ATHLETICS, INC. DEFENDANT

# ORDER

The Court notes the parties' joint reports of discovery disputes. It will take the issues in turn.

- **Requests for Production No. 3, 4 & 36**

New Balance can only give Magee what it possesses or controls. If it has control over any executed but unproduced letters of intent, master licensing or partnership agreements, other contracts, or documents and data about those contracts between itself and BSN Sports, then it must produce them. Fed. R. Civ. P. 34; 8B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2210 (3d ed. Apr. 2026 update). If they don't exist, then that ends the matter. New Balance's other objections to this production, except for privilege, are overruled. Of course these documents are likely confidential business information that should be subject to a Protective Order between the parties. The parties must propose one by

25 August 2026. See the Final Scheduling Order on the procedure. *Doc. 50 at 2.*

- **Requests for Production 9 & 13**

Again, New Balance can only give Magee what's in its possession or control. *Ibid.* If it does not have control over BSN Sport's information, then Magee must seek it another way. New Balance's other objections, except for privilege, are overruled. These are also likely confidential and reasonably subject to a Protective Order.

- **Requests for Production 6, 18, 19 & 21**

The Court agrees that these requests are overbroad, not proportional to the needs of the case, and not relevant. Magee's complaint alleges that the trademark infringement took place in Arkansas, *Doc. 1 at 9–10*, so New Balance's contracts with other states' universities aren't material, either. This case is against New Balance in connection with actions by its third-party vendor BSN sports, not other third-party vendors. *E.g., Doc. 1 at 10, 15, 33, 34, 40, 44–46, 65, 71, 74, 88 & 89.* Finally, the Court doesn't see how automated payment processors and credit card networks fit into the trademark issue.

- **New Balance's Request to Extend the Discovery Deadline**

Granted. The discovery deadline needs to be extended to allow New Balance time to complete Magee's request for production.

*

The Court extends the discovery deadline to 8 October 2026. Fed. R. Civ. P. 16(b)(4). It extends the motions deadline to 20 November 2026. Discovery disputes, *Doc. 59 & 60*, resolved.

So Ordered.

D.P. Marshall Jr.
D.P. Marshall Jr.
United States District Judge

12 August 2026