**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**STEVEN MAGEE** **PLAINTIFF**

**v.** **No. 4:25-cv-265-DPM**

**NEW BALANCE ATHLETICS, INC.** **DEFENDANT**

# PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), here is the Protective Order.

**1. Scope.** All materials produced or adduced during discovery, including initial disclosures, discovery responses, testimony and exhibits, electronically stored information ("ESI"), and information derived directly therefrom (collectively "documents"), shall be subject to this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that meets the standards of FRCP 26(c) and falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the

party has maintained as confidential; (d) medical information concerning any individual; or (e) personal identity information.

Nothing in this Order shall restrict a party from using or disclosing that party's own documents or information. Information that is publicly available or becomes publicly available through no fault of the receiving party is not Confidential Information. Information or documents that were previously produced in any other litigation matter to an opposing party without designation may not be designated as Confidential Information.

Irrespective of any other provision in this Order, documents directed to the macro corporate structures, national distribution agreements, logistical transport data (including shared carrier transport billing accounts), and electronic communication/ESI logs confirming the physical team apparel pipeline between New Balance and its third-party logistics or processing partners do not constitute trade secrets and shall not be withheld as Confidential Information or derived confidential information. This includes any contracts or agreements defining New Balance's relationship with entities operating as a 'retailer that sells shoes, uniforms, and apparel manufactured by New Balance' or as an entity 'with which New Balance contracts for order and payment processing,' in line with the historical categorical admissions made by Defendant on the federal record.

3. **Designation.** A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

4. **Depositions.** All deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than thirty (30) days after the testimony was given, within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those

portions identified in the Notice of Designation shall be protected by the terms of this Order. During the 30-day period, the entire transcript shall be treated as Confidential Information. A party may only designate deposition testimony as confidential after a good faith review of the transcript and a supportable determination that the information warrants a confidential designation. If a Party designates deposition testimony as confidential, it may not do so as a blanket designation and must only offer designations with page and line citations after a good faith review. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5. **Protection of Confidential Material.**

**(a) General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof, except that produced discovery materials and information derived therefrom may be utilized by Plaintiff to challenge pleading accuracy, verify record consistency, or prosecute live claims across parallel or subsequent federal actions related to the claims of this action.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth

in subparagraphs (1)-(11). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

(2) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **The Court and its Personnel**;

(4) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Mediators.** Those individuals engaged by any party to

assist the parties to resolve the matter.

(8) **Witnesses at Depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(9) **Author or Recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation);

(10) **Vendors**. Outside Vendors, including, for example, employees of copy services, microfilming, database, or ESI services, trial support services, and/or translators, who are engaged by the Parties in connection with the litigation of this action, but only to the extent necessary to further the interest of the Parties in this litigation, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and

Agreement to be Bound; or

(11) **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**6. Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. A party or non-party who discloses or produces Confidential Information without designation may, within seven (7) days of discovering the failure to designate or within 7 days of having had reason to discover the error, provide notice of the error and produce a designated copy of the same. Retroactive designations shall be made only for documents that were inadvertently produced without designation and shall be limited to specific documents identified in writing.

**7. Filing of Confidential Information.** Designation of a document as "CONFIDENTIAL" does not, standing alone, justify filing the document under seal. Instead, the parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction. If redaction is impracticable, a party must move for permission to file any information designated as "CONFIDENTIAL" and any related motion, brief, or paper containing that material under seal. The moving party must justify sealing with specifics and solid reasons, document-by-document, including an explanation about why redaction cannot be done.

**8. No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**9. Challenges by a Party to Designation as Confidential Information.** Counsel should confer in good faith in person before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days after this objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement.

The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute." The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

**10. Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**11. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party,

in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)** The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**12. Protections Extended to Third-Party's Confidential Information.** The Parties agree to extend the provisions of this

Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**13. Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

**14. Obligations on Conclusion of Litigation.**

**(a) Order Continues in Force.** This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue but shall be solely a matter of contract between the parties and signatories.

**(b) Obligations at Conclusion of Litigation.** Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Order, including copies as defined in ¶ 3, shall be destroyed unless the document has been offered into evidence or filed without restriction as to disclosure, except that Plaintiff Steven Magee may retain one (1) archival copy of all contracts and letters of intent to ensure compliance with historical corporate trademark boundaries.

**(c) Retention of Confidential Information.** Notwithstanding the above requirements to destroy documents, each attorney may retain a copy of any Confidential Information submitted

to the court. Further, and irrespective of whether the Confidential Information was submitted to the court, each attorney may retain Confidential Information as required by the professional rules of conduct for lawyers or as necessary for the attorney or attorney's law firm to defend against, including but not limited to, potential claims of malpractice, breach of contract, ethics disputes, bar complaints or grievance. Any retained Confidential Information shall continue to be protected under this Order. The retention period is for seven years.

**15. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**16. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**17. Inadvertent Production of Privileged Material.** Pursuant to Federal Rule of Evidence 502(d), the production of any document or information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege shall not constitute a waiver

of such privilege or protection in this case or in any other federal or state proceeding. If a producing party discovers that it has inadvertently produced privilege material, it may notify the receiving party in writing. Upon notification, the receiving party shall promptly return, sequester, or destroy the specified material and any copies, and shall not use or disclose the material until the claim of privilege is resolved.

**18. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

DPMarshall Jr.
D.P. Marshall Jr.
United States District Judge

17 September 2026

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STEVEN MAGEE** **PLAINTIFF**

**v.** **No. 4:25-cv-265-DPM**

**NEW BALANCE ATHLETICS, INC.** **DEFENDANT**

**ACKNOWLEDGEMENT OF UNDERSTANDING**

I have read and understand the Protective Order in the case *Magee v. New Balance Athletics, Inc.*, Case No. 4:25-cv-265-DPM in the United States District Court for the Eastern District of Arkansas.

I will use documents and information designated "CONFIDENTIAL" solely for purposes of this litigation and will not disclose such materials except as permitted by the Protective Order.

As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

I will submit to the jurisdiction of the United States District Court for the Eastern District of Arkansas for purposes of enforcement of the Protective Order.

BY SIGNING HEREUNDER, I EXPRESSLY ACKNOWLEDGE THAT I HAVE READ AND UNDERSTAND THE FOREGOING ACKNOWLEDGEMENT FORM AND HEREBY AGREE TO BE BOUND BY AND COMPLY WITH THE PROTECTIVE ORDER REFERENCED THEREIN.

Date: ____________________

Signature:_________________________________

Printed Name:________________________________